IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REBECCA ANN PARROTT,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CASE NO. 1:20-cv-00004** |
| **WINN DIXIE, et al.,** | * | Formerly in the Circuit Court of Mobile County, Alabama, |
| **Defendants.** | * | Civil Action No. CV-2019-000152 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Winn-Dixie Montgomery, LLC ("Winn-Dixie")[1], by and through its undersigned counsel, hereby removes this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice of Removal, Winn-Dixie states as follows:

### Procedural Posture

1. Plaintiff filed her Complaint on December 4, 2019 in the District Court of Mobile County, Alabama. (Complaint, attached as Exh. 1). Subsequently, Plaintiff requested her matter be transferred to the Circuit Court of Mobile County, Alabama. (Motion, attached as Exh. 2). The case was transferred on December 16, 2019. (Order and Notice of Transfer, attached as Exhs. 3 and 4).

---

[1] Winn-Dixie Montgomery, LLC has been improperly named in the style of this lawsuit as Winn Dixie, a non-entity. (Exh. 1). Winn-Dixie Stores, Inc. was also improperly named in Paragraph 2 and the preamble to Paragraph 5 of the Complaint, as well as the designee for service on page 2 of the Complaint. (Id.) Winn-Dixie Stores, Inc. does not own or operate the subject store. As such, Winn-Dixie Montgomery, LLC respectfully requests it be substituted as the proper party.

{B3363174}

2. This action arises out of injuries allegedly sustained by Plaintiff at the Winn-Dixie store located at 9082 Moffett Road in Semmes, Alabama on or about June 29, 2018. (Id.)

3. Defendant Winn-Dixie Montgomery, LLC is incorrectly named as "Winn Dixie" and/or "Winn-Dixie Stores, Inc." in the Plaintiff's Complaint. "Winn Dixie Stores, Inc." was served via first-class mail to Corporation Service Co. in Montgomery, Alabama on December 9, 2019. (Notice of Service, attached as Exh. 5). The proper party for substitution is Winn-Dixie Montgomery, LLC.

4. The Complaint demands judgment against Winn-Dixie for "compensatory damages and punitive damages in a sum within the jurisdictional limits of this Court, plus interest and cost." (Exh. 1).

## Propriety of Removal

5. This action is removable pursuant to 28 U.S.C. § 1441(a) which states that removal is appropriate in "any civil action in brought in a State Court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs. 28 U.S.C. § 1332(a).

6. The United States District Court for the Southern District of Alabama, Southern Division, encompasses the county in which the state court action is now

pending, thus this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(3) and 28 U.S.C. § 1441(a).

7. Copies of all process, pleadings, and other papers served on or received by Defendant and the entire District and Circuit Court files for Mobile County, Alabama are attached hereto as Exhibit 6. The Circuit Clerk of Mobile County, Alabama has been notified of this removal.

8. Section 1446 of the U. S. Code governs the procedure for removal and provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons …. to file [a] notice of removal." 28 U.S.C. §1446(b)(2)(C). Winn-Dixie Stores, Inc. was served December 9, 2019; this Notice of Removal is filed within thirty (30) days of service of the Complaint. (Exh. 5).

9. Section 1446(c)(1) also states that a matter may not be removed under subsection (b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the case. 28 U.S.C. § 1446(c)(1). Plaintiff's Complaint was filed on December 4, 2019. (Exh. 1). Winn-Dixie Montgomery, LLC files this Notice of Removal within one year of the commencement of this action. (Id.) No previous application for removal has been made. (Exh. 6).

## The Complete Diversity Requirement has been satisfied.

10. This action is removable pursuant to 28 U.S.C. § 1441. Removal is appropriate in that there exists complete diversity of citizenship between Plaintiff and Winn-Dixie Montgomery, LLC in the underlying cause. 28 U.S.C. § 1441.

11. Upon information and belief, Plaintiff is a citizen of Mobile County, Alabama. (Exh. 1).

12. The Complaint states Winn-Dixie is a corporation conducting business in Mobile County, Alabama. (Exh. 1). However, for the purpose of determining diversity, the citizenship of a limited liability company is the citizenship of each of its members. Alabama Power Co v. Calhoun Power Co., LLC, 2012 WL 6755061, *2 (N. D. Ala. Dec. 28, 2012), citing Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.C.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

13. The sole member of Winn-Dixie Montgomery, LLC is Winn-Dixie Stores, Inc. (Articles, attached as Exh. 7). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332.

14. Winn-Dixie Stores, Inc. is incorporated in Florida with its principal place of business in Florida. (Id.) Accordingly, the citizenship of Winn-Dixie Montgomery LLC is Florida, the citizenship of its sole member. (Id.)

15. Thus, there is complete diversity among these parties.

**The Amount in Controversy Requirement has been satisfied.**

16. Section 1446 requires that the removing party establish that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). See also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996), and Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir.

4

2010) ("a removing Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

17. The U.S. Supreme Court has held:

> In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.

Dart Cherokee Basin Operating Co. v. Owens, __ U.S. __, 135 S. Ct. 547, 554 (2014).

18. Although the Complaint does not set forth the amount in controversy, Plaintiff has made a pre-suit demand that exceeds the sum of $75,000.00. (Exh. 3). This Court has previously stated:

> Settlement offers "count[] for something" in determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000, exclusive of interest and cost.

Benandi v. Mediacom Southeast, LLC, 2011 WL 5077403, at *2 (S. D. Ala. 2011), citing Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1097 (11th Cir. 1994).

19. Plaintiff asserts she sustained the following damages: "Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised, and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money." (Exh. 1).

5

20. Further, Plaintiff has made a demand of $200,000.00 for the full and final settlement of her claim. (Exh. 8). She further alleges her injuries have required her to move out of the assisted living home she was in and move in with her daughter. (Id.)

21. The allegations of the Complaint, as well as Plaintiff's demand letter, satisfy Winn-Dixie's burden of proof to show by a preponderance of the evidence that the amount in controversy in this matter meets federal jurisdictional requirements. Accordingly, this case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

## All Prerequisites for Removal Have Been Satisfied

22. As set forth above, this Notice of Removal has been filed within thirty (30) days of service on this Defendant and is based upon 'other paper' which clearly establishes that the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity of citizenship among the parties.

23. The prerequisites for removal under 28 U.S.C. § 1441 have been met.[2]

24. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Mobile County, Alabama.

25. If any question arises as to the propriety of the removal of this action, Winn-Dixie Montgomery, LLC requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

---

[2] Although Plaintiff has identified fictitious parties, fictitious party practice is not permitted in U. S. District Courts, and fictitious defendants are not considered for removal purposes. See GMFS, L.L.C. v. Bounds, 275 F.Supp. 2d 1350, 1352-1354 (S.D. Ala. 2003), referencing 28 U.S.C. § 1441(a).

6

WHEREFORE, Defendant Winn-Dixie Montgomery, LLC, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama shall affect a removal of said suit to this Court.

Respectfully submitted,

/s/Alex Terry Wood
M. WARREN BUTLER (BUTLM3190)
ALEX TERRY WOOD (TERRA6130)
Attorneys for Defendant
Winn-Dixie Montgomery, LLC
Starnes Davis Florie LLP
11 North Water Street, Suite 20290
Mobile, AL  36602
Phone: (251) 433-6049
Fax: (251) 433-5901
wbutler@starneslaw.com
atw@starneslaw.com

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via CM/ECF or by U. S. MAIL, postage prepaid, this the __3RD__ day of January, 2020.

Charles J. Barber II, Esquire
Greene & Phillips
51 N. Florida Street
Mobile, AL  36607

<u>*/s/Alex Terry Wood*</u>
ALEX TERRY WOOD (TERRA6130)

<u>*/s/Alex Terry Wood*</u>
ALEX TERRY WOOD (TERRA6130)